UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COZEN O'CONNOR, P.C.** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CELULARITY, INC.** : <br> : <br> **Defendant.** : | Civil Action No. 2:25-cv-14947 |

## COMPLAINT

Plaintiff, Cozen O'Connor P.C. (hereinafter "Cozen') hereby files its complaint against Defendant, Celularity, Inc. (hereinafter "Celularity"), and in support thereof avers as follows:

## PARTIES

1. Cozen is a professional corporation engaging in the business of providing legal services. Cozen is organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1650 Market Street, Suite 2800, Philadelphia, Pennsylvania, 19103.

2. Celularity is a Delaware corporation with a principal place of business at 170 Park Avenue, Florham, New Jersey, 07932.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Cozen and Celularity as Cozen is organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business is at 1650

1

Market Street, Philadelphia, Pennsylvania and Celularity is organized and existing under the laws of the State of Delaware with its principal place of business at 170 Park Avenue, Florham, New Jersey 07932.  As such, neither Cozen nor Celularity share any state of citizenship.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to each of the claims occurred in this district and pursuant to 28 U.S.C. § 1391(b)(1) because Celularity is subject to personal jurisdiction within the district.

## FACTS

5. Beginning in 2002, Cozen began representing Celgene Corporation in connection with its intellectual property matters.  Cozen also represented Anthrogenesis Corporation, a related company of Celgene Corporation. On or about January 1, 2016, Celgene Corporation assigned its intellectual property to Anthogenesis Corporation, who in turn assigned such intellectual property to HLI Cellular Therapeutics, LLC on or about February 29, 2016.

6. HLI Cellular Therapeutics, LLC was renamed Celularity Biosourcing LLC, and Celularity Biosourcing LLC assigned the intellectual property to the named Defendant Celularity, Inc. on or about November 3, 2017.

7. In 2017, Cozen began representing Defendant Celularity in connection with its intellectual property matters.

8. In exchange for the provision of legal services, Celularity agreed to pay Cozen's fees for legal services rendered to Celularity, as well as all costs and expenses incurred throughout the course of Cozen's representation of Celularity (the "Agreement").

9. From November 2017 to December 2023, Cozen undertook to represent Celularity's interests in a wide range of intellectual property matters.

10. During that period, Cozen regularly billed Celularity for the provision of legal services and associated costs. Celularity routinely approved payment of such invoices.

11. Celularity repeatedly recognized its obligation to pay Cozen for rendered legal services and the associated costs and expenses. For example, on or about June 30, 2018, Celularity informed Cozen by email that Celularity was beginning to track its legal spending through an online e-billing system, and requested that Cozen submit invoices electronically through that online tracking system. Following this correspondence, Cozen submitted invoices electronically to Celularity through this system as requested.

12. Celularity also executed a general power of attorney, authorizing Cozen to represent Celularity and all its affiliated and related companies with respect to intellectual property matters. A true and correct copy of this general authorization is attached hereto as Exhibit A.

13. In 2022, Celularity fell behind on its payments to Cozen. The transactions were routinely delayed, and Celularity repeatedly asked Cozen for additional time to pay the invoices.

14. In reliance upon Celularity's promises, Cozen continued its representation of Celularity for a period of time.

15. Despite this, Celularity continuously failed to make any payments.

16. Since early 2024, Cozen repeatedly requested payment in full, and operated in good faith by offering numerous solutions, including payment of outstanding costs and fees periodically over the course of several months.

17. Ultimately, Celularity failed to make any of the delayed and promised payments.

18. Celularity has not made any payments at all to Cozen since October 2022. Indeed, there are 196 outstanding invoices that were issued to Celularity and that Celularity failed to pay.

19. Pursuant to New Jersey Court Rule 1:20A-6, on March 10, 2025, Cozen sent a pre-action notice letter to Celularity regarding the outstanding legal bills, and advising Celularity that it had thirty days from the date of the notice to request fee arbitration. A true and correct copy of the pre-action notice is attached hereto as Exhibit B. Celularity failed to request fee arbitration or otherwise respond to the pre-action notice.

20. Celularity does not dispute that the services and costs were incurred per Celularity's request and that the fees are due and owing. At no time has Celularity objected to the amount of the Cozen invoices.

21. In total, Celularity owes Cozen $162,238.98 for legal fees and costs Cozen invoiced from November 2022 to December 2023.

22. The amount of $162,238.98 reflects outstanding principal only, and represents the fair and reasonable value of the costs and services provided by Cozen.

## COUNT I
### Breach of Contract

23. Cozen incorporates by reference the averments of the preceding paragraphs as if the same were set forth at length herein.

24. Cozen and Celularity entered into a legally binding agreement. The Agreement between Cozen and Celularity constitutes a valid and enforceable contract between Cozen and Celularity.

25. Pursuant to the parties' Agreement, Celularity agreed to pay Cozen for the legal fees and costs incurred in Cozen's representation of Celularity.

26. Cozen fully performed its obligations required under the Agreement by rendering such legal services to Celularity.

27. Celularity accepted Cozen's provision of legal services, and has benefited from such services.

28. Celularity materially breached the Agreement by failing to pay Cozen for legal services rendered and costs incurred from November 2022 to December 2023.

29. Cozen has given written notice to Celularity of its breaches.

30. As a result of Celularity's breaches, Celularity is liable to Cozen in the total amount of $162,238.98, representing unpaid fees and costs for legal services rendered on behalf of Celularity.

WHEREFORE, Plaintiff Cozen O'Connor demands judgment against Defendant Celularity, Inc. for an amount including, but not limited to, the sum of $162,238.98, plus applicable interest, costs and attorneys' fees, or and any and all other relief this Court deems just and proper.

## COUNT II
### Quantum Meruit

31. Cozen incorporates by reference the averments of the preceding paragraphs as if the same were set forth at length herein.

32. As set forth above, Cozen rendered services to Celularity and incurred costs and expenses on Celularity's behalf, having a value of $162,238.98, for which Cozen has not been paid.

33. Celularity enjoyed the benefits of Cozen's services and advancements of costs and expenses but has failed to compensate Cozen for the reasonable value of said services, costs, and expenses to which Cozen is entitled.

34. Celularity has been unjustly enriched as a result.

WHEREFORE Plaintiff, Cozen O'Connor demands judgment against Defendant Celularity, Inc. for an amount including, but not limited to, the sum of $162,238.98, plus applicable interest, costs and attorneys' fees, or and any and all other relief this Court deems just and proper.

## COUNT III
## Unjust Enrichment

35. Cozen incorporates by reference the averments of the preceding paragraphs as if the same were set forth at length herein.

36. Celularity promised to pay Cozen for legal fees incurred in connection with Cozen's representation of Celularity. Additionally, when Celularity subsequently defaulted, Celularity repeatedly promised to pay Cozen for the amounts owed.

37. Cozen relied on Celularity's promises to its detriment by, among things, devoting the time and resources of its professionals and advancing funds for the payment of expenses associated with protecting Celularity's interest in various intellectual property matters.

38. Cozen repeatedly demanded that Celularity pay the outstanding balance.

39. As a result of Cozen's provision of services, Celularity has been unfairly and unjustly enriched and is indebted to Cozen.

40. Injustice cannot be avoided unless Celularity compensates Cozen for services rendered in reliance upon its former client's promises. If Celularity is not compelled to pay the outstanding balance, it will have received substantial legal services free of charge.

WHEREFORE, Plaintiff Cozen O'Connor demands judgment against Defendant Celularity, Inc. for an amount including, but not limited to, the sum of $162,238.98, plus applicable interest, costs and attorneys' fees, or and any and all other relief this Court deems just and proper.

### COUNT IV
### Account Stated

41. Cozen incorporates by reference the averments of the preceding paragraphs as if the same were set forth at length herein.

42. From November 2022 through December 2023 Cozen issued invoices to Celularity for services it provided.

43. The invoices provided a detailed description of services, costs and fees, including the names of all attorneys, paraprofessionals and staff that provided the services as well as the billing rate for those employees, the amount of time billed in increments of tenths-of-an-hour, and description of work performed.

44. Each invoice stated the amount due primarily from the prior month's fees, costs and expenses.

45. Each invoice that Cozen issued, starting in November 2022 and thereafter also provided statement of account for the amount due and owing for all outstanding invoices, including a breakdown of whether such outstanding amounts were past due.

46. From November 2022 through December 2023, Cozen issued Statements of Account.

47. Celularity never voiced any objections to the amount of Cozen's invoices. In fact, Celularity was pleased with the performance of Cozen attorneys and continued to affirm its obligations to make payment on the amount due.

48. The invoices and Statements of Account were received and retained beyond the reasonable time without objection.

49. By retaining the invoices and Statements of Account beyond a reasonable time without objection, Celularity acknowledged and recognized the correctness of the balances therein.

50. By retaining the invoices and Statements of Account beyond a reasonable time without objection, Celularity promised both expressly and implicitly to pay the balances stated therein.

51. By Celularity retaining the invoices and Statements of Account beyond a reasonable time without objection, the balances stated therein were established as an account stated.

52. Cozen O'Connor has incurred, and continues to incur, attorney's fees and expenses in an effort to collect its outstanding invoices from Celularity.

53. Celularity has unreasonably refused to pay the amounts owed to Cozen O'Connor.

WHEREFORE, Plaintiff Cozen O'Connor demands judgment against Defendant Celularity, Inc. for an amount including, but not limited to, the sum of $162,238.98, plus applicable interest, costs and attorneys' fees, or and any and all other relief this Court deems just and proper.

SIGNATURE BLOCK APPEARS ON THE FOLLOWING PAGE

        COZEN O'CONNOR

By: /s/ *[signature]*
    John P. Johnson, Jr. (NJ Bar No. 015862001)
    1010 Kings Highway South
    Building 1
    Cherry Hill, NJ 08034
    Telephone: 856-910-5001
    jjohnson@cozen.com
    *Attorneys for Plaintiff, Cozen O'Connor P.C.*

Dated: August 27, 2025

# EXHIBIT "A'

# **GENERAL AUTHORIZATION**

The undersigned, acting on behalf of **Celularity , Inc.** (the Company), having its principal place of business at **33 Technology Drive, Warren, New Jersey 07059, USA**, authorizes **Camille M. Miller** of **Cozen O'Connor** having its principal place of business at **1650 Market Street, Philadelphia, Pennsylvania 19103, USA**, to represent the Company with respect to Intellectual Property matters, Domain Name matters and Customs/Border Control matters, including the following:

> Signing on behalf of the company any and all documents required in order to file and discharge responsibilities before worldwide Intellectual Property Offices, Domain Name Registrars and/or Customs/Border Control Authorities;
>
> Responding to any and all official communications and acting on the Company's behalf before worldwide Intellectual Property Offices, Domain Name Registrars and/or Customs/Border Control Authorities as well as with respect to the seizure of any goods by Customs/Border Control Authorities;
>
> Appoint third parties to represent the Company or do any of the above on behalf of the company.

Date:  December 20, 2019


Celularity, Inc.

DocuSigned by:
*John R. Haines*
EEC61E2294DA4EF...

Name: John R. Haines
Title: EVP, Chief Administrative Officer and Corporate Secretary

I am authorized to sign this General Authorization via Celularity, Inc's Articles of Incorporation and its Board of Directors.

# EXHIBIT "B"



March 10, 2025

**Melanie A. Miller**
Direct Phone  215-665-2714
Direct Fax      215-701-2414
mmiller@cozen.com

**VIA EMAIL AND CERTIFIED MAIL**

David Beers
Celularity Inc.
170 Park Avenue
Florham, NJ  07932

**Re:    Pre-Action Notice**

Dear David:

Pursuant to New Jersey Court Rule 1:20A-6, we write to provide you with pre-action notice relating to the attached outstanding legal bills.  Celularity has thirty days from this date to request fee arbitration.  You should promptly call the District Fee Secretary for Morris County, New Jersey to request the appropriate forms to initiate this fee arbitration:

Patricia Cistaro, Secretary
Cistaro Law LLC
5 Cold Hill Road South
Suite 15 P.O. Box 294
Mendham, New Jersey 07945
Phone: 973-813-8100

If you do not promptly communicate with the Fee Committee Secretary referenced above and file the approved form of request for fee arbitration within 30 days after receiving this pre-action notice, you shall lose the right to initiate fee arbitration.  If you fail to initiate arbitration within 30 days, we will file our Complaint.

Thank you in advance for your prompt attention to this notice.

Sincerely,

COZEN O'CONNOR

By:    Melanie A. Miller